IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MOUNTAIN LAUREL ASSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 05-1268-T/An |
| JERRY GRANTHAM d/b/a GRANTHAM AND SON TRUCKING COMPANY; TIMMY A. WHITTEN; KEITH CONAWAY d/b/a KEITH CONAWAY LOGGING COMPANY; LOYAL BENSON RUSHING and PAULETTE RUSHING, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING MOTIONS FOR DEFAULT JUDGMENT AGAINST
DEFENDANTS GRANTHAM AND WHITTEN

On September 19, 2005, Mountain Laurel Assurance Company ("Mountain Laurel") filed this declaratory judgment action against Jerry Grantham d/b/a Grantham and Son Trucking Company, Timmy A. Whitten, Keith Conaway d/b/a Conaway Logging Company, Loyal Benson Rushing and Paulette Rushing. The Rushings are the plaintiffs in a personal injury action filed in the Circuit Court of Henderson County, Tennessee, on February 3, 2005. Grantham, Whitten and Conaway are the defendants in the state court action, which arises out of a motor vehicle accident that occurred on August 2, 2004.

Mountain Laurel issued a commercial automobile insurance policy to Grantham, the

alleged owner of the truck, driven by Whitten, that collided with a truck driven by Loyal Benson Rushing, causing Rushing to be injured. In Mountain Laurel's complaint for declaratory judgment, the Court is asked to declare that the insurance company has no duty to provide a legal defense for any of the defendants in the underlying state court lawsuit, and that the insurance policy provides no coverage to Grantham for the claims made against him in that lawsuit.

According to the affidavit of plaintiff's counsel, Daniel E. King, a Notice of Lawsuit and Request for Waiver of Service of Summons was mailed to each of the five defendants in this action on October 17, 2005. Both Grantham and Whitten failed to execute and return the Waiver of Service of Summons. Therefore, process was issued and served on Grantham personally on December 15, 2005, and on Whitten by certified mail on November 25, 2005. However, neither of these defendants filed an answer to the complaint. Although Conaway and the Rushings each returned a Waiver of Service of Summons, Conaway also failed to file an answer.

Plaintiff subsequently sought entry of default pursuant to Fed. R. Civ. P. 55(a), and the Clerk entered default against Grantham, Whitten and Conaway on January 12, 2006. Plaintiff then moved for default judgment, pursuant to Fed. R. Civ. P. 55(b). Neither Grantham nor Whitten have responded to the application for default judgment, although each was served with a copy of the application and the Clerk's certificate of default. However, Conaway filed a motion to set aside default on February 3, 2006.

As defendants Grantham and Whitten have failed to respond to the plaintiff's

complaint, and have failed to respond to the applications for default judgment, the Court hereby GRANTS judgment by default against these defendants.  For that reason, the Court declares that, under the commercial automobile insurance policy issued to Grantham by Mountain Laurel, the insurance company has no duty to defend either Grantham or Whitten in the underlying state court action.  The Court also declares that Mountain Laurel has no obligation to pay benefits under the policy issued to Grantham for the claims brought by the Rushings, arising out of the accident that occurred on August 2, 2004.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE