IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MOUNTAIN LAUREL ASSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 05-1268-T/An |
| JERRY GRANTHAM d/b/a GRANTHAM AND SON TRUCKING COMPANY; TIMMY A. WHITTEN; KEITH CONAWAY d/b/a KEITH CONAWAY LOGGING COMPANY; LOYAL BENSON RUSHING and PAULETTE RUSHING, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT
AND DENYING MOTION FOR DEFAULT JUDGMENT

On September 19, 2005, Mountain Laurel Assurance Company ("Mountain Laurel") filed this declaratory judgment action against Jerry Grantham d/b/a Grantham and Son Trucking Company, Timmy A. Whitten, Keith Conaway d/b/a Conaway Logging Company, Loyal Benson Rushing and Paulette Rushing. The Rushings are the plaintiffs in a personal injury action filed in the Circuit Court of Henderson County, Tennessee, on February 3, 2005. Grantham, Whitten and Conaway are the defendants in the state court action, which arises out of a motor vehicle accident that occurred on August 2, 2004.

Mountain Laurel issued a commercial automobile insurance policy to Grantham, the

alleged owner of the truck, driven by Whitten, that collided with a truck driven by Loyal Benson Rushing, causing Rushing to be injured. The truck owned by Grantham and driven by Whitten was allegedly attached to a trailer owned by Conaway. In Mountain Laurel's complaint for declaratory judgment, the Court is asked to declare that the insurance company has no duty to provide a legal defense for any of the defendants in the underlying state court lawsuit, and that the insurance policy provides no coverage to Grantham for the claims made against him in that lawsuit.

On January 12, 2006, the plaintiff obtained the Clerk's entry of default against defendants Grantham, Whitten and Conaway pursuant to Federal Rule of Civil Procedure 55(a), and moved for default judgment pursuant to Rule 55(b). Grantham and Whitten failed to respond to the motion for default judgment; therefore, on February 20, 2006 the Court entered an order granting a default judgment and declaring that the plaintiff has no duty to defend Grantham and Whitten in the state court action and no obligation to pay benefits to Grantham under the policy in question.

Defendant Conaway filed a motion to set aside the entry of default on February 3, 2006, to which the plaintiff has responded.

Pursuant to Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The Sixth Circuit has recognized that this creates a distinction between the appropriate standard for setting aside entry of default, and the standard for setting aside a default judgment. See INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d

391, 398 (6th Cir. 1987). Thus, entry of default may be set aside for "good cause shown," but a default judgment may be set aside only if Federal Rule of Civil Procedure 60(b)'s stricter standards for setting aside a final, appealable order are met. As no final default judgment was entered in this case, the lesser standard is applicable here.

In determining whether the party seeking to set aside entry of default has shown good cause, the Court must consider three equitable factors: (1) whether the entry of default was the result of defendant's culpable conduct; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant presents a meritorious defense. Thompson v. American Assurance Co., 95 F.3d 429, 432 (6th Cir. 1996); Messick v. Toyota Motor Mfg., Kentucky, Inc., 45 F. Supp. 2d 578, 582-83 (E.D. Ky. 1999). There is a strong preference for trials on the merits in federal courts. Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986); United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983).

In order to be treated as culpable, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Shepard Claims Serv., 796 F.2d at 194. In this case, on October 17, 2005, plaintiff mailed to Conaway a Notice of Lawsuit and Request for Waiver of Service of Summons, which he executed on October 25, 2005 and returned. Plaintiff contends that Conaway's failure to do anything more shows a reckless disregard for these proceedings, asserting that he "chose to believe" that because he had counsel in the underlying state court action, he need do nothing to respond to this case. (Def.'s Mem. at 4.) However, plaintiff

has not accurately characterized Conaway's statement.

In Conaway's affidavit, submitted in support of his motion to set aside the entry of default, he states that he mistakenly believed that the document he executed and returned was related to the state court action. For that reason, and because he already had counsel in that state court proceeding, he thought no further action was required. A non-lawyer could reasonably make such a mistake. Therefore, the Court finds that the failure to respond to the complaint was not the result of culpable conduct on the part of Conaway.

Conaway contends that he has a meritorious defense because there is an issue as to whether he is a proper defendant in this action. He maintains that he was not the owner of any trailer involved in the state court action. However, the only reason Conaway has been made a defendant in this action is that he was named as a defendant in the state court action. Whether Conaway is a proper defendant in that underlying action is not for this Court to decide. Nevertheless, this is a declaratory judgment action, in which the Court is being asked to declare the legal relations, rights and obligations of the parties with regard to the insurance policy at issue. Therefore, the failure to articulate a specific meritorious defense is not as significant as it would be if plaintiff were seeking to hold Conaway liable for his actions.

Lastly, plaintiff contends that it has been prejudiced by Conaway's failure to respond to the complaint. While it is true that plaintiff has expended a certain amount of time and resources in pursuing a default judgment, the Court finds that alone insufficient to warrant denial of the motion to set aside entry of default. Nevertheless, the Court will require Conaway to reimburse plaintiff for the attorney fees and expenses incurred in pursuing the

default.

Defendant Conaway's motion to set aside entry of default (dkt. #25) is GRANTED, and plaintiff's motion for default judgment (dkt. #15) is DENIED.  Plaintiff is directed to file, within twenty days after the entry of this order, documentation of the attorney fees and expenses incurred in pursuing entry of default and default judgment against Conaway. Conaway is hereby ORDERED to pay those costs and attorney fees within ten days after service of plaintiff's documentation.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE